IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESIRAYE PURIFOY                                                                                    PLAINTIFF

v.                                            Case No. 4:23-cv-04110

RIMCOR, INC. and ADAM NUTT                                                                   DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Adam Nutt's Motion to Dismiss for Failure to State a Claim. (ECF No. 10). Plaintiff has responded. (ECF No. 16). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On November 27, 2023, Plaintiff Desiraye Purifoy ("Plaintiff") filed a Complaint against Defendants Rimcor, Inc. ("Rimcor") and Adam Nutt ("Separate Defendant"). (ECF No. 2). Plaintiff asserted four claims in her complaint. (ECF No. 2). One of those four claims was an assault and battery claim against Separate Defendant. (ECF No. 2, at 1). Plaintiff stated that the events surrounding the assault and battery claim took place on October 16, 2022. (ECF No. 2, at 1).

On February 26, 2024, Separate Defendant filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 10). Separate Defendant argued that the statute of limitations for assault and battery claims is one year, and that Plaintiff failed to file her complaint before the statute of limitations expired. (ECF No. 10, at 1). In response, Plaintiff admitted the first paragraph of

Separate Defendant's motion and denied the other three paragraphs.[1]  (ECF No. 16).

## II. STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 555 (2007)).  The complaint's factual allegations are assumed true and all reasonable inferences are drawn in Plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 555-56.  The Court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 14486, 1488 (8th Cir. 1990).

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of 'further factual enhancement.'" *Id.*  (cleaned up).  In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

---

[1] Paragraph one of Separate Defendant's Motion to Dismiss (ECF No. 10) sets out that the complaint was filed on November 27, 2023, and that the alleged assault and battery took place on October 16, 2022.  Paragraph two alleges what the statute of limitations for assault and battery is one year.  Paragraph three of the motion alleges that the complaint was not filed until over a year had passed. Paragraph four requests that the assault and battery claim be dismissed with prejudice.

defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

Under Arkansas law, there is a one-year statute of limitations for assault and battery claims. The statute provides that assault and battery claims should be "commenced within one (1) year after the cause of action shall accrue and not thereafter." A.C.A § 16-56-104. A "court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself established that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). The events alleged in the complaint concerning the assault and battery claim took place on October 16, 2022. Plaintiff filed her complaint containing this claim on November 27, 2023. Over a year and a month has passed in this time. Accordingly, the Court finds that Plaintiff is barred by the statute of limitations from bringing her assault and battery claim.

## IV. CONCLUSION

For the reasons stated above, Separate Defendant's Motion to Dismiss (ECF No. 10) is hereby **GRANTED**. Plaintiff's assault and battery claim against Separate Defendant Adam Nutt is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of August, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge